THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ JULIÁN PAGÁN PAGÁN, Defendant and Appellant.

No. CR-71-32.     Decided March 23, 1972.

*Pascual F. Lanauze Ortiz* and *José I. Vega Otero* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Roberto Armstrong, Jr., Assistant Solicitor General,* for The People.

PER CURIAM: José Julián Pagán Pagán was accused and convicted of driving a motor vehicle under the effects of intoxicating liquor—§ 5-801, Vehicle and Traffic Law of Puerto Rico (9 L.P.R.A. § 1041). He was convicted and sentenced on August 2, 1968, to pay a fine of $250, or in default thereof to serve one day in jail for each dollar left unpaid, but not to exceed 90 days, plus the suspension of his driver's license for one year.

Appellant assigns on appeal that the sentence is contrary to law inasmuch as having been accused for carelessly driving (9 L.P.R.A. § 871) the said vehicle on the same occasion, he was acquitted so that the fact that the appellant was driving the said vehicle was res judicata. We do not agree.

The facts of the case are correctly summarized by the Solicitor General as follows:

"Witness Olga Wilma Lillo Torres testified that she personally knew the defendant-appellant and his relatives since they all live in the same ward. On the day of the events she was driving a Vauxhall vehicle of her own along the road from Ponce to Juana Díaz, when the defendant-appellant was going along the left lane in another vehicle and he tried to get into the space between the witness' vehicle and the one before hers, causing a collision in which several persons were injured. The witness positively identified the appellant as the driver of the vehicle that crashed against hers. The defendant-appellant got out of the vehicle that he was driving and addressed the witness using vile language; he smelled strongly of liquor and was staggering. When the Police arrived the defendant-appellant became petulant with the policeman and told his father to give the latter whatever money he asked for so that he would serve as his witness.

"The policeman Ervin Toucet carried out the investigation of the case. He said that he knew the defendant. Upon questioning him in relation to the accident, he noticed that defendant smelled strongly of liquor. Said defendant talked incoherently and he took him to have a blood smear taken. He testified that a brother of the defendant-appellant by the name of Radamés Pagán asked him to make him appear as the vehicle's driver.

"It was stipulated between the prosecution and the defense that the blood smear taken from the defendant-appellant resulted in .19 percent by weight of alcohol.

"The evidence for the defense was to the effect that the defendant was not driving the vehicle involved in the reported accident, that it was Radamés Pagán who was driving it.

"The trial judge in weighing the evidence gave credit to that of the prosecuting attorney and found appellant guilty of the offense charged. On July 29, 1968, the case was called for pro-

nouncement of sentence, but on motion of the defense, the pronouncement of sentence was postponed to August 2, on which date the appellant alleged that as a result of the same accident he had been accused of recklessly driving[1] the motor vehicle involved, having been tried at the District Court and acquitted, by judgment of June 27, 1968.

"In his defense he alleged that when he was acquitted of reckless driving it was adjudged that he was not driving the vehicle involved in the accident charged against him. The trial court rejected the contention and proceeded to impose sentence punishing defendant to pay a $250 fine or in default thereof to serve one day in jail for each dollar left unpaid not to exceed ninety (90) days. It likewise ordered the suspension of the driver's license of the defendant for one year as of that date."

It is necessary to add, nevertheless, that at the trial court, on July 29, 1968, at the time sentence was to be pronounced, the defense raised the question of res judicata. It requested that Judge Blaimayar Ferrara be summoned to appear with the record of the case heard before him. The hearing having been resumed on August 2, 1968, the court admitted a stipulation of the parties to the effect that the case of driving carelessly was heard before the district judge Juan Blaimayar Ferrara who reserved verdict after the case was heard on June 5, 1968. The judgment of acquittal in this case was rendered on June 27, 1968. The court permitted Judge Blaimayar to testify that ". . . Radamés Pagán . . . stated . . . that he was the one who was driving the automobile and that it was not driven by José Julián Pagán Pagán . . ."; that "Within my judicial discretion I gave the credit that said testimony deserved, to the effect that I thus believed it, thus, and thus I pronounced judgment . . ."; that

---

"[1] 9 L.P.R.A. § 871, Art. 2, § 5-201, Vehicle and Traffic Law, which in its pertinent part provides:

'Any person who carelessly and recklessly operates a motor vehicle, showing himself unmindful of the public rights and safety; or without due care and prudence; or in a manner which endangers or may endanger life and property; or who through the reckless driving of a motor vehicle causes injuries to another person, shall be guilty of reckless driving . . . .' "

"It was a judgment of acquittal insofar as defendant José J. Pagán is concerned."

Rule 64(f) of the Rules of Criminal Procedure provides that the motion to dismiss the information or complaint shall be based, among other grounds on

" .    .    .    .    .    .    .    .

"(f) That the case or any essential controversy thereof, is res judicata. If the motion to dismiss is based on this ground, it shall state the name of the court, the title of the case and the date and place of the *previous judgment."* (Italics ours.)

█ According to the doctrine set forth in *People* v. *Lugo,* 64 P.R.R. 529, 535–536 (1945), in the case at bar it is a question of the application of collateral estoppel inasmuch as the sentence in the case of careless driving is presented not as estoppel to the sentence in the case at bar but as a collateral estoppel upon the principle that the question of fact as to who was driving the vehicle was raised and decided in the case of careless driving so that it cannot afterwards be disputed between the same parties. We understand, nevertheless, that under this rule, and in harmony with the provision of subd. (f) of the said Rule 64 in order for collateral estoppel to be operative, the finding of fact must have been made in a *previous judgment. People* v. *Landmark, ante,* p. 72; *Ashe* v. *Swenson,* 397 U.S. 436, 442–444 (1970).

█ In this case the judgment of conviction was rendered on June 14, 1968. The sentence in this case was pronounced on August 2, 1968. The judgment of acquittal in the case of careless driving was rendered on June 27, 1968, that is, thirteen days after the judgment of conviction in the case at bar. Therefore, when the judge weighed the evidence and concluded that the appellant was driving the vehicle in this last case, the question of who was driving it when the accident which gave rise to both cases occurred had not been determined in any manner whatsoever. Consequently, the

subsequent decision to the contrary and to the effect that it was not appellant but his brother Radamés who was driving it, could not operate as collateral estoppel in the case at bar.

The judgment rendered in this case by the Superior Court, Ponce Part, on August 2, 1968, must be affirmed.

Mr. Chief Justice Negrón Fernández did not participate in this decision.